UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan QUIROZ–MARTINEZ,
Defendant–Appellant.

No. 13–10621.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Nov. 25, 2014.

Robert A. Bork, Assistant U.S., USLV–Office of the U.S. Attorney, Las Vegas, NV, William Ramsey Reed, Assistant U.S., Elizabeth Olson White, Esquire, Assistant U.S., USRE–Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Alina Maria Shell, Federal Public Defender's Office Las Vegas, Las Vegas, NV, for Defendant–Appellant.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Juan Quiroz–Martinez appeals from the district court's judgment and challenges the 51–month sentence imposed following his guilty-plea conviction for being a deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The government argues that Quiroz–Martinez waived his right to challenge the sentence by requesting a sentence "no greater than 51 months." We are not persuaded that Quiroz–Martinez's statement effectuated a waiver of the arguments he raises on appeal. *See United States v. Perez,* 116 F.3d 840, 845 (9th Cir.1997) (en banc) (waiver occurs when there has been an "intentional relinquishment or abandonment of a known right" (internal quotations omitted)).

Quiroz–Martinez contends that the district court did not consider his mitigating arguments and failed to explain the sentence adequately. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court considered Quiroz–Martinez's mitigating arguments, the government's arguments, and the parties' sentencing recommendations before imposing a sentence at the bottom of the Guidelines range. Nothing more was required. *See United States v. Carty,* 520 F.3d 984, 992, 995 (9th Cir.2008) (en banc). Moreover, contrary to Quiroz–Martinez's contention, the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**